*Count 2.*
*Called AUSA*
*to do Amended*
*Indict - pls*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **00-6361**
18 U.S.C. §371
18 U.S.C. §659

CR - DIMITROULEAS

MAGISTRATE JUDGE
SNOW

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
vs. )
)
AQUILINO DIMITRI ALONSO, )
GUSTAVO RABAZA, and )
FELIX UGARTE, a/k/a "El Negro," )
)
Defendants. )
_____)



FILED by ___ D.C.
DEC 19 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

SEALED INDICTMENT

COUNT I

The Grand Jury charges that:

1. From on or about November 17, 1999, through on or about November 26, 1999, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

AQUILINO DIMITRI ALONSO,
GUSTAVO RABAZA, and
FELIX UGARTE,
a/k/a "El Negro,"

knowingly and willfully combined, conspired, confederated and agreed with each other and with persons unknown to the Grand Jury to receive and possess goods and chattels of a value in excess of $1,000 which had been stolen from motor trucks and storage facilities, while said goods and chattels were moving as and were part of an interstate shipment of freight, in violation of Title 18,

United States Code, Section 659.

### OBJECT OF THE CONSPIRACY

2. It was the object of the conspiracy that the defendants would unlawfully enrich themselves by knowingly and willfully receiving and possessing goods and chattels which had been stolen from motor trucks and storage facilities and subsequently reselling them.

### MANNER AND MEANS OF THE CONSPIRACY

3. It was a part of the conspiracy that the defendants AQUILINO DIMITRI ALONSO and GUSTAVO RABAZA participated in transporting stolen goods and chattels to a warehouse located in Broward County.

4. It was further a part of the conspiracy that the defendants AQUILINO DIMITRI ALONSO, GUSTAVO RABAZA, and FELIX UGARTE, a/k/a "El Negro," participated in storing stolen goods and chattels inside a warehouse located in Broward County.

### OVERT ACTS

5. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Southern District of Florida and elsewhere:

(a) On or about November 18, 1999, the defendants AQUILINO DIMITRI ALONSO and GUSTAVO RABAZA helped direct a truck which contained a load of stolen Panasonic VCRs into a warehouse located at 2211 SW 59 Avenue, Hollywood, Florida.

(b) On or about November 19, 1999, the defendants AQUILINO DIMITRI ALONSO, GUSTAVO RABAZA, and FELIX UGARTE, a/ka "El Negro," participated in removing a load of stolen Panasonic VCRs from a container located inside a warehouse at 2211

2

SW 59 Avenue, Hollywood, Florida.

All in violation of Title 18, United States Code, Section 371.

COUNT III

From on or about November 17, 1999, through on or about November 26, 1999, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

AQUILINO DIMITRI ALONSO,
GUSTAVO RABAZA, and
FELIX UGARTE,
a/k/a "El Negro,"

did knowingly and willfully receive and possess stolen goods and chattels of a value in excess of $1,000, that is, Panasonic VCRs, which had been stolen from a motor truck and storage facility, while said goods and chattels were a part of an interstate shipment of freight, in violation of Title 18, United States Code, Sections 659 and 2.

A TRUE BILL

FOREPERSON

GUY A. LEWIS
UNITED STATES ATTORNEY

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.** _____ |
| v. | **CERTIFICATE OF TRIAL ATTORNEY*** |
| AQUILINO DIMITRI ALONSO et. al. | **Superseding Case Information**: |

**Court Division:** (Select One)

New Defendant(s)     Yes ___  No ___
Number of New Defendants ___
Total number of counts ___

___ Miami  ___ Key West
_X_ FTL  ___ WPB ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No) _Yes_
   List language and/or dialect  _Spanish_

4. This case will take _5_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)            (Check only one)

   I    0 to 5 days       _X_       Petty      ___
   II   6 to 10 days      ___       Minor      ___
   III  11 to 20 days     ___       Misdem.    ___
   IV   21 to 60 days     ___       Felony     _x_
   V    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No) _NO_
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) _NO_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) _NO_

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No   If yes, was it pending in the Central Region? ___ Yes ___ No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes _X_ No

*[signature]*
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500077

*Penalty Sheet(s) attached                                                                REV.6/27/00

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**PENALTY SHEET**

Defendant's Name:  __AQUILINO DIMITRI ALONSO__ No.: _____

Count #1:
Conspiracy to Commit Theft of Interstate Shipment of Property _____
18 U.S.C. §371 _____
*Max Penalty: 5 years' imprisonment; $250,000 fine. _____

Count #: 2
Theft of Interstate Shipment of Property _____
18 U.S.C. 659 _____
*Max Penalty: 10 years' imprisonment; $250,000 fine. _____

Count #: 

*Max Penalty: 

Count #: 

*Max Penalty: 

*Refers only to possible term of incarceration, does not include possible fines,
restitution, special assessments, parole terms or forfeitures that may be applicable.

REV: 12/12/96

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

Defendant's Name:  GUSTAVO RABAZA          No.:_____

Count #1:
Conspiracy to Commit Theft of Interstate Shipment of Property

18 U.S.C. §371

*Max Penalty: 5 years' imprisonment; $250,000 fine.


Count #: 2

Theft of Interstate Shipment of Property

18 U.S.C. 659

*Max Penalty: 10 years' imprisonment; $250,000 fine.


Count #:


*Max Penalty:


Count #:

*Max Penalty:


**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

Defendant's Name:  __FELIX UGARTE__          No.:_____

Count #1:
Conspiracy to Commit Theft of Interstate Shipment of Property

18 U.S.C. §371

*Max Penalty: 5 years' imprisonment; $250,000 fine.

Count #: 2

Theft of Interstate Shipment of Property

18 U.S.C. 659

*Max Penalty: 10 years' imprisonment; $250,000 fine.

Count #:

*Max Penalty:

Count #:

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

4